TUCKER et al. v. ANGELINA COUNTY LUMBER CO. (No. 103-2942.)

(Commission of Appeals of Texas, Section A. Nov. 26, 1919.)

1. BOUNDARIES &wrench;32—SUFFICIENCY OF DESCRIPTION IN PLEADING.

In trespass to try title to land in Lacey league, defendants, claiming part of the land through adverse possession, did not limit their claim to the Moses Hill survey by generally describing the land as being in the latter survey in their pleadings, where they also described the land by metes and bounds.

2. ADVERSE POSSESSION &wrench;66(2)—MISTAKE AS TO BOUNDARY.

Where one claims only to the true boundary, wherever situate, his possession beyond such line through mistake is not adverse; but one claiming ownership of all the land within his marked boundaries, which are embraced in the description in a deed under which he claims, is claiming adversely, although he erroneously believes the marked boundary to be the true boundary.

3. DEEDS &wrench;111 — PARTICULAR DESCRIPTION PREVAILS OVER GENERAL.

There being a repugnance between the general and particular descriptions in a deed, the latter will prevail.

4. ADVERSE POSSESSION &wrench;80(3)—REPUGNANT DESCRIPTIONS IN DEED AS NOTICE OF ADVERSE CLAIM.

Description by metes and bounds in deed, together with actual possession, was notice to true owner of adverse claim, although deed erroneously referred generally to the land as being in a different survey.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Trespass to try title by the Angelina County Lumber Company against L. R. Hines, A. J. Tucker, and others. There was a judgment in favor of some of the defendants which was reversed in the Court of Civil Appeals (184 S. W. 596), and defendants Tucker and others bring error. Judgment of Court of Civil Appeals reversed, and judgment of trial court affirmed.

Minor & Minor, of Beaumont, and W. F. Goodrich, of Hemphill, for plaintiffs in error.

Mantooth & Collins, of Lufkin, and W. D. Gordon, of Beaumont, for defendant in error.

SONFIELD, P. J. Action in trespass to try title by Angelina County Lumber Company, plaintiff, against L. R. Hines, George Honeycutt and wife, G. E. Pratt, A. M. Jones, George Tucker, Andrew J. Tucker and wife, and W. F. Goodrich, defendants, to recover 1,243½ acres of the J. S. Lacey league in Sabine county. By supplemental petition, Elizabeth A. Perry and W. D. Gordan were vouched in as warrantors. Defendants Hines, and Honeycutt and wife, were disposed of by agreed judgments, and are not before this court. Trial was to the court, and judgment rendered in favor of plaintiff for all the land sued for, except a tract of 31 acres awarded to defendants Andrew J. Tucker and wife, and a tract of about 35½ acres awarded to defendants A. M. Jones, G. E. Pratt, and W. F. Goodrich, and awarding plaintiff a recovery against W. D. Gordan on his warranty. On appeal, the Court of Civil Appeals reversed the judgment of the district court, and rendered judgment vesting title to all the lands sued for in plaintiff. 184 S. W. 596.

On the trial the following agreement was entered into between the parties:

"It is agreed between the counsel for all parties that the plaintiff has title from the sovereignty of the soil to the John S. Lacey survey described in plaintiff's petition, unless it is affected by, and divested through, defendant's plea of the statutes of limitation under the three, five, and ten years statutes."

It appears that in January, 1880, James A. Allen conveyed to George W. Tucker 317 acres of land, decribed generally as a part of the Moses Hill survey, and particularly by metes and bounds, which deed was duly recorded in the same year. The defendants herein claim under George W. Tucker, who, on the 22d day of September 1909, conveyed 158½ acres to defendants Jones and Pratt, and on the 10th day of September, 1909, conveyed 158½ acres to defendant Andrew J. Tucker. In each conveyance the land is described as a part of the Moses Hill survey, and further by metes and bounds.

The Tucker 317-acre tract, except 66½ acres, is a part of the Moses Hill survey. To the extent of 66½ acres, it conflicts with the Lacey league. Of this 66½ acres, 35½ acres form a part of the 158½ acres conveyed by Tucker to defendants Jones and Pratt, and now claimed by these defendants and defendant Goodrich; and the balance of 31 acres forms a part of the 158½-acre tract conveyed by George W. Tucker to defendant Andrew J. Tucker.

The whole controversy is with reference to the 66½ acres so included in the George Tucker 317-acre tract, and a part of the Lacey league.

[1] The lands claimed by defendants were described in their pleas, as in the deeds under which they claimed, as a part of the Moses Hill survey. Whether any part of the land so claimed by them was a part of the Lacey league was a controverted issue. Defendants disputed the location of the boundary line contended for by plaintiff. Believing the Tucker tract in its entirety a part of the Moses Hill, they described their

lands, being the Tucker tract, as a part of that survey. This did not, as held by the Court of Civil Appeals, have the effect of limiting their claim to that part of the Tucker tract within the boundaries of the Moses Hill survey. Their pleas, after the general description, contained a particular description by metes and bounds, and that part of the land in controversy claimed by each was, as stated in the judgment, included in their respective descriptions. The particular description was not vitiated or destroyed by the general description, and defendants were not precluded from establishing title by limitation to any part of the land embraced in their description by metes and bounds, even though such land was not in fact a part of the Moses Hill survey.

[2] Had Tucker claimed only to the true boundary line between the Hill survey and the Lacey league, wherever situate, the holding of the Court of Civil Appeals, that his possession beyond the true boundary line was an encroachment upon the Lacey through mistake and therefore not adverse in its character, would have been correct. Such is not the case made by the record or the legal effect of the evidence adduced.

The trial court found, and there is evidence to sustain the findings, that the 317 acres conveyed by King to George W. Tucker embraced the 66½ acres in controversy; that the boundaries of the tract, as described in the deed, were clearly marked on the ground for more than 40 years before the institution of the suit; that, for more than 10 years prior to the filing of the suit, Tucker held actual, continuous, and adverse possession of the 317-acre tract, including the 66½ acres in controversy, claiming all the land as his own, cultivating, using, and enjoying same as his home, with an inclosure of about 8 acres of the 66½ acres, and with 5 or 6 of the 66½ acres cleared and cultivated:

Tucker claiming ownership of all the land within his marked boundaries and embraced in the description in the deed under which he claimed, the fact that he erroneously believed the marked southern boundary of his tract the true boundary between the Hill and the Lacey surveys, and, so believing, asserted title to and claimed the land, as a part of the Hill, did not prevent his possession, taken and continued for the statutory period, from ripening into title by limitation. Bruce v. Washington, 80 Tex. 368, 15 S. W. 1104; Daughtrey v. N. Y. & T. Land Co. (Civ. App.) 61 S. W. 947; Hand v. Swann, 1 Tex. Civ. App. 241, 21 S. W. 282.

It is urged that the encroachment of a few acres, of the character shown by defendants, coupled with the fact that the claim, use, and occupation were under a deed, limiting the assertion of title to the Hill survey, was insufficient to apprise the true owner of the Lacey league of an adverse appropriation of any of the land beyond the actual inclosure.

[3, 4] The deed under which Tucker claimed cannot be construed as limiting his claim to land within the Hill survey. Though describing the land as a part of that survey, it also described it by metes and bounds and included therein the land in controversy. There being a repugnance between the general and particular descriptions, the latter will prevail. Tucker's deed, fixing the southern boundary line of his tract so as to embrace the part of the Lacey in controversy, and his actual possession, cultivation, use, and enjoyment of a part of the Lacey so embraced in his deed, were sufficient to apprise the true owner of the Lacey that a claim of right was being asserted to a part thereof and that the claim extended to the marked southern line of the 317-acre tract as described in Tucker's duly recorded deed.

In the Court of Civil Appeals, plaintiff assigned error to the rendition of judgment in favor of defendants Pratt, Jones, and Goodrich, on the ground that there was no evidence of adverse possession for the requisite time of the tract awarded them. It is asserted that Tucker's conveyance to Pratt and Jones, which segregated the tract conveyed from the balance of the land, was of date prior to Tucker's acquisition of title by limitation and there has been no possession since the conveyance. We cannot so hold. The trial court made no finding of the exact date of the commencement of Tucker's actual possession of a part of the land in controversy, but did find such possession for "ten years or more" before the institution of the suit. There was evidence that such possession was taken and continued for a period of "sixteen or eighteen years" before the trial in 1915. There is evidence therefore to sustain the court's conclusion that these defendants established title by limitation to the tract awarded them.

We are of opinion that the judgment of the Court of Civil Appeals should be reversed, and that of the district court in all things affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.