R. T. PINCHBACK ET AL V. MINNIE HOCKLESS ET AL.

No. 7736. Decided January 14, 1942.
Rehearing overruled February 18, 1942.
(158 S. W., 2d Series, 997.)

*Nelson Jones, R. E. Seagler, Orgain, Carroll & Bell* and *Will E. Orgain,* all of Beaumont, for plaintiff in error.

On question of the evidence raising an issue of claim of title under the statutes of limitation. Klein v. Humble O. & G. Co., 126 Texas 450, 86 S. W. (2d) 1077; Sanger Bros. v. Roberts,

92 Texas 312, 48 S. W. 1; Starkey v. McNay, 103 S. W. (2d) 1052.

On the question of limitation by adverse possession. Thompson v. Weisman, 98 Texas 170, 82 S. W. 503; Rosenborough v. Cook, 108 Texas 364; Connecticutt Gen. Ins. Co. v. Warner, 94 S. W. (2d) 514.

*Renfro & Keen* and *David L. Broadus,* all of Beaumont, for defendants in error.

As defendants failed to show any evidence of possession, use or enjoyment of the land, nor that the land was included within monuments of title under which defendants claimed, nor was any proof of the payment of taxes, the Court of Civil Appeals correctly held that the facts did not raise any issue under the statute of limitation. Burke v. Belle, 53 S. W. (2d) 111; Republic Production Co. v. Lee, 121 S. W. (2d) 973.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit was filed by Minnie Hockless and her husband, joined by W. B. West, trustee (alleged owner of a mineral interest in the land in question), plaintiffs, to recover what may be designated as the north half of the Jack Bright 10-acre tract of land in the Charles Williams League in Jefferson County. R. T. Pinchback and wife, Seawillow Pinchback, and Humble Oil & Refining Company, are the defendants from whom recovery is sought. Seawillow Pinchback is a daughter of P. H. Cunningham, under whom she and her husband claim. Cunningham's relation to the title, generally speaking, is shown in the sketch of the chain of title constructed for use in this opinion, which appears later herein.

Plaintiffs pleaded their title generally. Defendants answered with the customary general denial and not guilty pleas and in addition pleaded affirmatively their claim of limitation title under the five, ten, and twenty-five-year statutes. Judgment was for plaintiffs in the trial court upon jury findings and was affirmed by the Court of Civil Appeals. 137 S. W. (2d) 864.

The original application for writ of error by defendants was refused (for want of merit). Upon motion for rehearing attention was focused particularly upon (1) the action of the

trial court in refusing to submit defendants' claim of title under the twenty-five-year statute, (2) its holding that defendants' claim of title under the five-year statute failed for lack of a recorded deed to the land in controversy, and (3) assignments complaining of the manner in which the trial court submitted to the jury defendants' claim of title under the ten-year statute. The writ was granted upon the last named assignments. These will be disposed of after disposition of assignments (1) and (2). The assignment relating to defendants' failure to establish title under the five-year statute will be discussed first.

■ The requisites named in the five-year statute for the giving of notice to the land owner that a claim is being asserted thereto, or for maturing limitation title thereunder, are (1) a recorded deed to the land; (2) the payment of taxes; and (3) adverse possession; and it is essential to maturing the title that all the requisites named continue through the entire period. Art. 5509, R. C. S. 1925; Simonds v. Stanolind Oil & Gas Co., 134 Texas 132, 114 S. W. (2d) 226; Griswold v. Comer (Com. App.), 209 S. W. 139. If any one of the requisites is lacking the claim of limitation title based upon the statute under consideration must fail.

We agree with the holding of the Court of Civil Appeals that defendants' alleged claim of five-year limitation failed for lack of the deed requisite of the statute, and overrule defendants' contentions with respect thereto, for reasons now to be stated.

It is noted preliminary to discussing this question that three tracts of land, generally speaking, are involved, a 90-acre tract, sometimes referred to in the muniments of title as the "Watkins 90 acres"; a 100-acre tract; and a 10-acre tract, which may be designated as the "Jack Bright 10-acre tract." The 100-acre tract, as will later be shown, includes within its field notes the other two. No acreage excess or deficiency in any one of the three tracts is alleged and none is claimed. Hence for all purposes pertinent here they will be treated as containing, as in fact they do by mathematical calculation, 100 acres, 90 acres and 10 acres, respectively. The principal muniments of title to the tracts referred to are represented as to their relative positions in the title chains by the sketch below.

CHAS. WILLIAMS LEAGUE
Patented in 1834 to
Charles Williams.

1853: Charles Williams
to
G. W. Tevis - 726 acres

1871: G. W. Tevis and wife
to
Randolph Tevis - 100 Ac.

1877: Randolph Tevis and wife
to
Geo. W. Spence - 10 acres
By deed not in evidence, apparently lost, but established by recitation in deed R. Tevis and wife to Adcock

1878: Randolph Tevis and wife
to
Richard L. Adcock
90 acres.

1880: Geo. W. Spence
to
Jack Bright - 10 Ac.

1902: Jack Bright conveyed the North half of the 10 acres to Alzina Spencer, ancestor of Plaintiff.

____: Richard Adcock and wife
to
F. W. Watkins - 90 Acres
(Became known as WATKINS 90 acres)
This deed not in evidence but established by subsequent deeds.

1885: F. W. Watkins and wife
to
W. H. H. Baker - 90 acres

1889: W. H. H. Baker and wife
to
J. W. Hall - 90 acres

1890: J. W. Hall conveyed the 90
acres to
P. H. Cunningham, 1/4
J. Charpiot, . . 1/4
V. F. Charpiot . 1/4
J. B. Charpiot . 1/4
1891: J. B. Charpiot conveyed his interest to Cunningham.
1892: V. F. Charpiot conveyed his interest to Cunningham

By partition with other lands, in 1911, the title to the 3/4ths interest thus acquired by Cunningham descended by inheritance to Defendant Seawillow Pinchback, a descendant of P. H. Cunningham.

TITLE SKETCH.

The sketch constitutes no part of the record and is used merely to facilitate an understanding of the case. The muniments through which plaintiffs and defendants claim respectively are shown in connected chains. The size of any tract designated in the sketch has no other significance than that in the process of construction it was accomodated in size to the space required to carry the notations made therein, reference to which is here made.

Defendant Seawillow Pinchback is a daughter and successor in title of P. H. Cunningham, who predeceased in 1893 his wife, who died in 1909. He is one of the grantees in the deed relied upon by defendants as sufficient to support their claim of limitation under the five-year statute. She and her husband claim title from the sovereignty of the soil to a part of the 100 acres conveyed in 1871 by G. W. Tevis and wife to Randolph Tevis. The other muniments of title to the 90 acres, as appears from the sketch of the 90-acre chain, show defendants connection from the common grantor as follows: Randolph Tevis and wife to Adcock, Adcock and wife to Watkins, Watkins and wife to Baker, Baker and wife to J. W. Hall and Hall to Cunningham, J. Charpiot, V. F. Charpiot and J. B. Charpiot, the deed last referred to being executed June 26, 1890 and recorded July 2, 1890.

If defendants or any of their predecessors in title have a deed purporting to convey the land in controversy which satisfies the "registered deed" requisite of the five-year statute, it is the deed by Hall to Cunningham and the Charpiots. The description of the land purported to be conveyed by that deed is as follows, including explanatory parenthetical statements:

"All that certain tract or parcel of land lying and being situated in the County of Jefferson and State of Texas, and being part of Charles Willians Headright League bounded and described as follows:

" 'Beginning (here follows description of beginning point). Thence East on a line running between the old and new improvements of said G. W. Tevis 600 vrs. Thence South 941 vrs. Thence West 600 vrs. Thence North 941 vrs. to the place of beginning (which contains 100 acres) containing 90 acres more or less, and beginning the same 90 acres more or less—(conveyed) by R. L. Adcock and wife to W. F. Watkins, and by said W. F. Watkins and wife to W. H. H. Baker to which deed reference is made."

■ The premises upon which defendants contend that the Hall-Cunningham deed supports their claim of five-year limitation is that the above field note description is unambiguous and clear, and that the field note description is in fact a description of the land purported to be conveyed. We cannot agree. While the field notes clearly describe a rectangular tract containing 100 acres of land, the statements completing the description as a whole do not comport with the defendants' deduction that the deed purports to convey the entire 100 acres. The description in its entirety is obviously ambiguous and uncertain as to what acreage is purported to be conveyed, 90 or 100; but since the description contains a recital that 90 acres are conveyed, it is subject to the construction that only 90 acres of the 100 contained in the field notes, is purported to be conveyed. The description as a whole, while presenting the uncertainty pointed out does not, as is contended by defendants, present a repugnancy between the metes and bounds part of the description and the running portion, but merely an ambiguity in the description as a whole. Being ambiguous and uncertain, pertinent evidence may be looked to for the purpose of making certain in description what was before uncertain. The controlling principles are discussed in the following cases: Gulf Production Co. v. Spear (Com. App.), 125 Texas 530, 84 S. W. (2d) 452; Cullers v. Platt, 81 Texas 258, 16 S. W. 1003 and Sanger Bros. v. Roberts, 92 Texas 312, 48 S. W. 1.

The cases cited by defendants such as Tucker v. Angelina Lumber Co. (Com. App.), 216 S. W. 149, as supporting the well-established rule invoked by them that when a *repugnancy* is found between a particular and a general description in a deed the former will, as a general rule, control, are without application. The rule was recognized but refused application by this Court in Sanger Bros. v. Roberts, supra. The facts upon which the rule was invoked in that case were that the description was not clear as to what land was described thereby. It was ambiguous but was not a case in which the particular description of the land was necessarily repugnant to what purported to be a general description of it. A reference therein to a description in another deed was looked to, together with oral testimony for the purpose of making certain the description that was before uncertain. Chief Justice Gaines, speaking on behalf of the Court in refusing to apply the repugnancy rule in that case stated that the Court of Civil Appeals in giving it application had "given it too broad a scope."

It will be observed that the description contained in the Hall-Cunningham deed is the same as that contained in the deed shown in defendants chain of title from Randolph Tevis and wife to Richard L. Adcock. It will be observed also that the deed to Adcock is a part of the 100 acres which was subsequently conveyed by Randolph Tevis and wife, the common grantor, to predecessors in title of plaintiffs and defendants, respectively, by two deeds, the first to G. W. Spence, plaintiffs' predecessor, conveying to him 10 acres; and the second, to Adcock, defendants' predecessor, conveying to him 90 acres. All of the deeds shown in the chain are in evidence and may be looked to to clarify the uncertain description in the Hall-Cunningham deed. The description of the land purported to be conveyed to Adcock reads:

"All of that certain * * *tract * * * part of the Charles Williams * * * which was * * * January A. D. 1871 by George W. Tevis and Jane Tevis conveyed to Randolph W. Tevis *less ten acres thereof* * * which has been heretofore conveyed by said R. W. Tevis and wife to G. W. Spence, *which is not hereby conveyed. The land hereby conveyed is 90 acres* * * * the remainder of the 100-acre tract surveyed and described as follows (here follows the field notes description identical with that contained in the deed from Hall to Cunningham et al set out above). The said 90 acres * * * being the same as has been heretofore occupied by us as a homestead, * * *." (Italics ours.)

The record shows also that the description in the deed from G. W. Spence to Jack Bright carries a recitation that the 10 acres therein described is the same that was conveyed to him by R. W. Tevis and wife in 1877. Defendants do not question that the lost conveyance by Randolph Tevis and wife to Spence was established, nor do they question that plaintiffs established legal title to the land sued for.

In the light of the facts pointed out, we conclude that the description of the land contained in the Hall-Cunningham deed neither conveys nor supports to convey the entire 100 acres embraced within the field notes set out as a part of the description, but conveys only 90 acres thereof. We agree with the holding of the Court of Civil Appeals that defendants' claim of title under the five-year statute fails for lack of a recorded deed and that the trial court did not err in refusing to submit an issue of limitation under that statute.

■ In view of the holding stated it is unnecessary to determine the correctness of the holding of the Court of Civil Appeals with respect to defendants' payment of taxes on the land in controversy, since their payment would avail nothing toward establishing defendants' five-year limitation claim in the absence of the requisite deed. Nor is there any need to discuss defendants' second assignment of error to the effect that the Court of Civil Appeals was in error in holding defendants were not entitled to have submitted to the jury their defense under the twenty-five-year statute, for the reason that that statute, as well as the five-year statute, requires a recorded deed or instrument purporting to convey the land in controversy as a requisite to establishing a twenty-five-year limitation title. Art. 5519, R. C. S. 1925. The statute cited provides that one of the requisites of notice of claim to the owner of the real estate under that statute is "peaceable and adverse possession * * * for a period of twenty-five years * * * under a claim of right, in good faith, *under a deed or deeds, or any instrument or instruments, purporting to convey the same,* which * * * have been recorded in the deed records of the county in which the real estate is situated." (Italics ours). Owen et al v. Free et al, 85 S. W. (2d) 1090 and Free et al v. Owen et al, 131 Texas 281, 113 S. W. (2d) 1221. While the latter case reversed the judgment in the former on a question involving continuity of possession, the holding of both support the point upon which they are cited. There was no error on the part of the trial court in refusing to submit defendants' claim of title under the twenty-five-year statute.

It is apparent from what has been stated that we approve the holdings of the Court of Civil Appeals that defendants' claims of title based upon the five and twenty-five-year statutes, respectively, fail for lack of a requisite deed or instrument as a basis for the respective title claims; and also that we approve its holding affirming that of the trial court to the effect that there was no error in its refusal to submit to the jury any issue of title under those statutes or either of them.

We discuss now the assignments relating to the manner of submitting to the jury defendants' claim of title under the ten-year statute. We do not have the benefit of the views of the Court of Civil Appeals with respect to these assignments as they are not discussed in the opinion further than to say they were examined and overruled.

The trial court submitted the claim under the ten-year statute, but submitted it with respect to three divisions of the alleged period of defendants' use and occupancy of the land; that is, the court submitted whether defendants had title under the ten-year statute by reason of occupancy and claim from December 12, 1911 to August 20, 1937, in one special issue; for any period of ten consecutive years prior to December 12, 1911, in another; and is still another, for the period of ten consecutive years after December 12, 1901, and before December 12, 1921; instead of in a single issue, as was specially requested by defendants.

■ Defendants assign as error that having shown a continuous possession and claim to the land from 1890 to the time of filing the suit in 1937 it was error to refuse to submit defendants' claim of title under the ten-year statute in a single question instead of with respect to the three divisions of the forty-seven-year period pointed out above, and urge as a proposition under the assignment that such division of the alleged period of use and occupancy was upon the weight of the evidence. This objection was clearly and succinctly made to the charge. We sustain the assignment.

Plaintiffs pleaded their title generally and defendants also pleaded generally their affirmative defense and claim of title based on the ten-year statute. There was no pleading by any of the parties of use and occupancy of the land in controversy limited to any particular portion of the period of defendants' occupancy. Nor is there any evidence which *as a matter of law* warrants the conclusion that any one of the three periods pointed out stands in a unique position with respect to the requisite ten consecutive years of use and occupancy. Whether there had been a repudiation of the title of plaintiffs and those under whom they hold at any time between December 12, 1911, the date of the partition decree which makes description reference to the Jack Bright 10-acre tract (not included in the partition) and August 20, 1937, as submitted by the first special issue, was purely an evidentiary issue, as well as upon the weight of the evidence. It was a question of fact also whether plaintiffs' title had been recognized by Mrs. Cunningham during the period from 1904 to 1908, as testified to by George Blanch. In other words, defendants supported their claim of limitation by evidence of use and enjoyment of the land for a continuous period of at least forty-seven years without interruption or admission of title in another, and were entitled to have the jury determine

the question in a single issue as to any period of ten consecutive years prior to the filing of the suit. Title by limitation, if matured by a claimant during any such period of the forty-seven years, was as secure as a legal title. Art. 5513, R. C. S. 1925; Bruce v. Washington, 80 Texas 368, 15 S. W. 1104; Jobe et al v. Osborne, et al 128 Texas 509, 97 S. W. (2d) 939. Evidence of repudiation of the title by defendants was only a part of the evidence to be considered by the jury in determining the ultimate issue of whether defendants matured their title under the statute during the long period of occupancy covered by them or their predecessors. We see no reason for subdividing the period. To do so and submit the three issues complained of was calculated to cause the jury to believe there was something in the evidence to prevent their consideration of any ten-year continuous period of claim and use other than those named in the three issues submitted, disconnected from any other period of time. It was an undue limitation upon plaintiffs' right to establish their limitation title as alleged and supported by evidence and upon the weight of the evidence. It is no answer to defendants' contention, that the jury found against defendants upon the issues submitted. Greer v. Thaman, 55 S. W. (2d) 519.

■ We sustain also defendants' assignment complaining that the Court of Civil Appeals erred in holding that the trial court did not err in defining "peaceable possession" as follows:

"By 'peaceable possession' as used in the ten-year statute of limitation is meant a continuous possession and not interrupted by adverse suit to recover the property in question, and *which may be acquired by such visible acts of ownership as will give notice to the owner; and such possession may also be shown by actual tenancy under the person so claiming.*"

The definition is not in conformity with the statutory definition of the term as provided by the legislature in that it adds to the statutory definition the italicised portion thereof as shown above. Art. 5514, R. C. S. 1925. The objections of non conformity were succinctly and pointedly made by defendants, and they tendered to the court a special charge in keeping with the statutory definition. It was error to refuse to give it. It was not harmless in that the added portion of the definition was upon the weight of the evidence. Furthermore it introduced the element of "such visible acts of ownership as will give notice to the owner," not required by statute, and thereby placed on defendants a greater burden than is required by law. Logan v.

Meade, 43 Texas Civ. App. 477, 98 S. W. 210. The definition of "adverse possession" appears to have been in accord with the statutory definition of that term. Art. 5514, R. C. S. 1925.

It is unnecessary to discuss the other assignments complaining of the charge, for the reason that under our view of the harmful effect of the submission of the cause in the manner stated it is necessary to reverse and remand the case for another trial. It appears from what has already been stated that it is our holding that the ultimate issue to be submitted is that of title under the ten-year statute, and that it should be submitted in accordance with defendants' request, in a single special issue, together with proper definitions of the term used in connection therewith.

The judgment of the Court of Civil Appeals affirming that of the trial court is reversed and set aside and the cause is remanded for a new trial.

Opinion adopted by the Supreme Court January 14, 1942.

Rehearing overruled February 18, 1942.