G. Curtis JACKSON, Appellant,

v.

W. B. HEATH et al., Appellees.

No. 13493.

Court of Civil Appeals of Texas.

San Antonio.

May 27, 1959.

Rehearing Denied June 24, 1959.

G. Curtis Jackson, pro se.

Crawford & Crawford, Crystal City, for appellees.

BARROW, Justice.

This is a trespass to try title suit brought by G. Curtis Jackson, plaintiff in the court below, against Donna Butler Heath and husband, W. B. Heath, and B. H. Holsomback,

defendants in the court below, to recover the title and possession of ten acres of land situated in Zavala County, Texas, described as Farm Tract No. 62, Section No. 81 of the Cross S. Ranch Subdivision.

Defendants answered, claiming title under the five-year statute of limitations based upon the quitclaim title from Seaton Mc-Cutcheon to Earle E. Butler and B. H. Holsomback, dated March 3, 1937, and recorded in Vol. 41, page 162, Deed Records of Zavala County.

The trial was to the court without the aid of a jury. Judgment was rendered in favor of the defendants, and plaintiff, G. Curtis Jackson, has duly appealed to this Court.

■ Appellant has assigned some seventeen points of error, but from the view we take of the case we need only consider one of said points. In his second point, appellant contends that the instrument relied on by appellees is not sufficient to sustain a plea under the five-year statute of limitations. We are of the opinion that this point must be sustained. In order to ripen title to land under the five-year statute of limitations, three things are essential: 1. Adverse possession; 2. payment of taxes; and 3. claiming under a deed or deeds duly registered. Article 5509, Vernon's Ann. Civ.Stats.

The instrument under which appellees claim, insofar as is pertinent to this case, reads as follows:

"* * * I, Seaton McCutcheon, * * * have quitclaimed, and by these presents do quitclaim, unto the said Earle E. Butler, all my right, title, interest, claim and demand in and to certain tracts of land situated in said County of Zavala, State of Texas, described as follows, to-wit: * * *

"With all and singular all my right, title, interest, estate, claim and demand in and to the hereditaments and appurtenances thereto belonging or in any wise pertaining; to have and to hold the above released rights, titles, interests, claims and demands, to the said Earle E. Butler and B. H. Holsomback, their heirs and assigns, forever."

The rules with reference to the sufficiency of a deed to sustain a plea under the five-year statute of limitations have been well stated in 2 Tex.Jur. 253–255, Adverse Possession, § 138, as follows:

"Quitclaim Deed—What is or is Not Quitclaim.—There is authority to the effect that a claim of title is not supported by a deed which purports to convey, not the land, but only such interest as the grantor may have therein. On the other hand it is said that a quitclaim deed will support a claim under the five years' statute. However this may be, if the deed purports merely to quitclaim such right, title and interest as the grantor may have in the land, the claimant cannot acquire any title beyond that which the instrument conveys. If the grantor owned only an undivided fractional interest, the grantee can acquire by virtue of the statute no greater *quantum* of estate or interest; and if the grantor did not have title, none can be acquired by the grantee. Accordingly, if the grantor's interest was only that of a tenant, the deed will not support a claim of title by limitation. On the other hand, if the deed, although in form a quitclaim, purports to convey the land, title by limitation may be perfected thereunder. The presence of the terms 'all my right, title and interest' do not prevent the maturing of title, the instrument containing also an habendum clause or a clause of warranty. Such a deed is not a mere quitclaim, but a conveyance of the land."

■ The purpose of the deed required by the statute is to give notice of the adverse claim and to identify the property. In Rosborough v. Cook, 108 Tex. 364, 194 S.W. 131, the Supreme Court said:

"To support limitation under the five years statute, it is not necessary that

the deed under which the claim is made, convey any title. The grantor may be wholly barren of any vestige of title; the deed may therefore pass no semblance of title; yet, if it describes *and purports to convey* the land and tested by itself is upon its face a good deed, it meets the requirement. Wofford v. McKinna, 23 Tex. 36, 76 Am.Dec. 53; Schleicher v. Gatlin, 85 Tex. 270, 20 S.W. 120; Harris v. Wells, 85 Tex. 312, 20 S.W. 68. (Emphasis added.) * * *

"The law of limitation of actions for land is founded upon notice. The title by limitation ripens, primarily, only because, in such manner and for such period of time as the different statutes require, notice is given of the hostile claim."

 It is readily apparent from the instrument here involved, that the grantor, Seaton McCutcheon, conveyed only such right, title and interest that he had in the land, and did not purport to convey the land itself. The habendum clause does not offer any aid. This clause is expressly limited to "the above released rights," which are, according to the express language of the deed, "all my right, title, interest, claim and demand in and to certain" described tracts of land. The habendum clause does not contain the usual language in a conveyance: "To have and to hold the above described land or premises." There is no language in the deed that would put the record owner on notice that appellees are claiming the land or anything else, other than such right, title or interest therein which McCutcheon had at the time the instrument was executed.

It was stipulated upon the trial of the case by the parties, that the appellant "is the holder of a record title to this land, subject to this suit, deriving title by a regular chain of title from the sovereignty of the soil unto himself, save only the claim of defendants based upon a quitclaim deed, Seaton McCutcheon to Earle E. Butler and B. H. Holsomback, dated March 3rd, 1937, and re-corded in Vol. 41, page 162, deed records of Zavala County," and that appellees' claim is based entirely upon limitations and such deed.

According to the record in this case, Seaton McCutcheon was an entire stranger to the title. There is no evidence to show what interest he claimed, if any, in the land involved. The evidence shows that he had no record title of any kind whatever to the land or any part thereof.

Appellees having stipulated that title was in appellant and having relied on the five-year statute of limitation, and it appearing that the deed under which they claim is insufficient to sustain their claim under the statute, it follows that the trial court erred in rendering judgment in their favor and against appellant.

Accordingly, the judgment of the trial court is reversed and judgment here rendered that appellant, G. Curtis Jackson, recover judgment for the title and possession of the land involved in this suit.

Reversed and rendered.