**Bobby Dee DANIELS et ux., Appellants,**

v.

**Mrs. R. A. JONES et al., Appellees.**

**No. 464.**

Court of Civil Appeals of Texas, Tyler.

Feb. 12, 1970.

Rehearing Denied March 5, 1970.

Boyd & Killough, Alvin Boyd, Dallas, for appellants.

Wynne & Wynne, Gordon R. Wynne, Wills Point, for appellees.

MOORE, Justice.

Appellants, Bobby Dee Daniels and wife, Doris Jean Daniels, instituted this suit against appellees, Mrs. R. A. Jones and son, David Ray Jones, in trespass to try title seeking to recover title and possession of approximately 22 acres of land. Appellees answered with a plea of not guilty and asserted, among other defenses, the five-year statute of limitations (Art. 5509, Vernon's Ann.Civ.St.).

After a trial before the court, sitting without a jury, judgment was entered that the appellants take nothing.

The case turns upon the question of whether the cause of action was barred by the five-year statute of limitations. We hold that it was.

Article 5509, supra, provides in part as follows:

"Every suit to recover real estate as against a person having peaceable and adverse possession thereof, cultivating, using or enjoying the same, and paying taxes thereon, if any, and claiming under a deed or deeds duly registered, shall be instituted within five years next after cause of action shall have accrued, and not afterward. * * *"

A brief summary of the evidence shows that on May 3, 1943, R. A. Jones, and wife, Jessie Mae Jones, owned 5 contiguous tracts of land situated in Van Zandt County totaling 297.4 acres. On said date, Jones and wife conveyed to Carl F. Bartz a tract of land containing 38.4 acres. This deed included 22 acres out of the 297.4 acre tract lying on the east end thereof. The remainder of the 38.4 acres conveyed was contiguous thereto and adjacent to the east boundary line of the 297.4 acre tract. It appears without dispute that the 22 acres in question was carved out of the 297.4 acre tract owned by the Joneses. Subsequently, on September 16, 1955, R. A. Jones and wife conveyed to A. A. Gray, appellants' predecessor in title, by warranty deed, the entire 297.4 acre tract without excepting the 22 acres in question theretofore conveyed to Bartz. Shortly after this conveyance, A. A. Gray went into possession of the land under the deed and R. A. Jones and wife moved away. Subsequently, on October 8, 1955, Carl F. Bartz conveyed the 38.4 acre tract back to R. A. Jones and wife by warranty deed containing the identical description in the deed from R. A. Jones and wife to Bartz in the 1943 conveyance. Thus the Joneses, acquired the title to the 22 acres in question which they had conveyed to A. A. Gray by the 297.4 acre deed. The deed to the 38.4 acres from Carl F. Bartz to R. A. Jones was dated October 8, 1955, and filed for record on October 19, 1955. Shortly thereafter in 1955, Mr. and Mrs. Jones went into possession of the 38.4 acres, including the 22 acres in dispute claiming under the

deed. They built a new home and commenced using the 22 acres for a pasture, cutting brush and timber and mowing same. It is without dispute that appellants, as well as their predecessor in title, A. A. Gray, had complete knowledge of the use being made of the land by appellees. In 1955 a new fence was built along what the parties believed to be the dividing line between the 297.4 acre tract and the 38.4 acre tract. The 22 acre tract in question was enclosed by appellees along with the remainder of the 38.4 acre tract. A. A. Gray admits that he consented to the building of the new fence and, in fact, paid one-half of the cost thereof. It was not until February, 1965, after a survey had been made that the parties discovered that the 22 acres out of the 38.4 acre tract described in the deed from Bartz to Jones, overlapped on the 297.4 acre tract. In the meantime A. A. Gray conveyed the 297.4 acre tract to appellants herein. Upon the death of R. A. Jones, Mrs. Jones and her son inherited the property and are appellees herein. Appellants filed this suit to recover the 22 acres on April 28, 1965.

■ In order to establish a title by limitations and thereby defeat appellants' claim of title, appellees had the burden of proving: (1) adverse possession, (2) payment of taxes, and (3) a claim under a deed duly registered. It is essential that all three requisites must continue throughout the specified period. Pinchback v. Hockless, 138 Tex. 306, 158 S.W.2d 997 (Tex.Com. App.); Jackson v. Heath, 325 S.W.2d 453 (Tex.Civ.App., San Antonio, 1959, n. w. h.).

■ No findings of fact or conclusions of law were requested or filed by the trial judge. Under these circumstances, it must be presumed that the trial court found all disputed fact issues in such a manner as to support the judgment. It must, therefore, be presumed that the trial court impliedly found as a matter of fact that the appellees held peaceable adverse possession of the land under a deed duly registered, and paid taxes thereon for a period of five

years immediately before appellants filed suit. Since none of the foregoing implied findings of fact were challenged by any point of error urging the lack of evidence or the insufficiency of the evidence, all of such implied findings stand as proven facts and this court is bound thereby. Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164, 166; Waters v. King, 353 S.W.2d 326 (Tex.Civ.App., Dallas, 1961).

However, appellants' principal attack upon the judgment does not appear to be grounded on the lack of evidence to support the foregoing implied findings. Rather they attack the judgment, first on the ground that the deed is not, as a matter of law, sufficient to satisfy the five-year statute because under the doctrine of after-acquired title both the deed and title immediately inured to the benefit of appellants. Therefore, they say that the deed was insufficient to impart notice of an adverse claim. Secondly, appellants argue that because of their warranty in the deed to Gray, conveying the 297.4 acre tract including the 22 acres in question, appellees are estopped to deny such warranty and consequently are estopped to claim a limitation title under the deed. In reply, appellees concede that the title to the 22 acres subsequently acquired by them immediately passed to appellants and that appellants became the record owner of legal title. However, they say that they do not assert any claim to real title. Rather they say their claim is only to the land and, as a result of their adverse claim to the land under a deed duly registered and payment of taxes thereon, they have perfected title by virtue of the five-year statute.

■ Thus the ultimate question presented is: Where a grantor by a warranty deed, conveys land not owned by him to a grantee, and thereafter acquires the outstanding title which he had previously conveyed to a third party, can the grantor upon subsequently taking possession rely upon such instrument in proving limitation title under the five-year statute? The question appears to be one of first impression.

In Davis v. Howe, Tex.Com.App., 213 S.W. 609, the court said:

"Title by limitation under the five-year statute results from possession with claim of ownership, evidenced by a deed or deeds duly registered and compliance with the other requirements of the statute. For the purpose of limitation, it is wholly immaterial that the deed conveys no title. An instrument in the form of a deed not void on its face, * * * satisfies the requirement of the statute. Wofford v. McKinna, 23 Tex. 36, 76 Am.Dec. 53; Schleicher v. Gatlin, 85 Tex. 270, 20 S.W. 120.

"The whole object of the statute in requiring a deed and its due registration is to define the boundaries of the claim and give notice to the true owner of such adverse claim. This is accomplished by any apparently valid instrument having the essential parts of a deed. * * * The sole inquiry is whether the instrument is a deed within the purview of the statute.

"In the opinion by Chief Justice Phillips in Rosenborough v. Cook, 108 Tex. 364, 194 S.W. 131, the office of a deed under the five-year statute is clearly and concisely stated. In the course of the opinion the Chief Justice says:

'It is thus clear that a deed under the law governing five years limitation has a character distinct from that of an effectual muniment of title. For the purpose of such limitation it performs an office unrelated to title, and although as a conveyance of title it may be futile. That office is simply to aid the possession as a means of notice of the adverse claim to the land. The law of limitation of actions for land is founded upon notice. The title by limitation ripens, primarily, only because, in such manner and for such period of time as the different statutes require, notice is given of the hostile

claim. Under the three years statute, it is afforded by possession under title or color of title. Under the ten years statute, simply by possession. And under the five years statute, it is given by possession, the payment of taxes, and the registration of a naked deed. It is not the character of the deed as a conveyance of title which, under the five years statute, helps to put limitation in motion. It assists the operation of limitation under that statute merely because of the notice given of the adverse claim by its registration as an instrument which purports to convey, not the title, but the land.' "

■ The deed here in question properly describes the land and fulfills the office and function of a deed under the statute, giving notice of an adverse claim to the land. Conceding that under the doctrine of after-acquired title appellees never acquired any title under the deed, yet it had the force of notice of an adverse claim, especially when coupled with hostile possession. The possession under a claim of ownership, the claim being evidenced by the recorded deed, gives the true owner a right of action for the recovery of possession, and failing within the time prescribed to thus assert his right, he is precluded from thereafter asserting it. This is not predicated upon the good faith of the claimant or the meritorious character of his claim, but results from the acquiescence by the true owners in such adverse possession for the stipulated period whereby he loses his right to demand recovery of possession and enforcement of his title.

■ The five-year statute requires only that the claimant claim under a deed or deeds duly registered. The only exception provided by the statute is that the claimant may not claim under a forged deed or a deed executed under a forged power of attorney. It thus appears that only those claiming under such deeds are denied the benefit of the statute. Here appellants would have us graft another exception, and deny a claimant the right to the benefit of

the statute where the doctrine of after-acquired title is applicable to the deed under which he claims. Our courts have consistently refused to graft further exceptions upon the statute through equitable or other considerations. Hussey v. Moser, 70 Tex. 42, 7 S.W. 606; Davis v. Howe, supra.

■ If the possession of the appellees is referable to the deed from Bartz to appellees, and we believe it is, that deed, with continuous possession and due payment of taxes, is sufficient to interpose the statute of limitations against appellants' claim, not because it conveys any title to appellees, but because it is evidence of a notorious and adverse claim. Having notice of appellees' adverse possession, appellants had the duty of taking positive action. They cannot be permitted to sit idly by for five years and then claim that they were excused from the operations of the statute on the ground they had no notice that appellees were claiming under the deed merely because title vested in them under the doctrine of after-acquired title.

■ Nor do we believe that appellees were estopped to claim title by limitation by reason of the fact that they had previously warranted title to the land in question. In a case involving the ten-year statute of limitations, the Supreme Court in Harne v. Smith, 79 Tex. 310, 15 S.W. 240 said:

"* * * But appellant says that defendant and her husband sold the land to Herring, under whom plaintiff claims, and warranted the title to him, and therefore she cannot claim title by possession against her and her husband's warranty; but that the title so acquired (if it could be) would inure to the warranty. We cannot agree to this. It had as well be said that the vendor cannot disseise his vendee, or acquire a title from him. He can acquire title from his vendee by limitation, (Smith v. Montes, 11 Tex. 25, 26,) where the deed is executed, (Rawle, Cov. p. 398.) The covenant of warranty will not defeat such ti-

tle acquired after the deed. Such title is no breach of the covenant, which cannot be extended to cover future laches of the vendee by which he loses the title conveyed to him. Stearns v. Hendersass, 9 Cush. 497. * * *"

The various statutes of limitations are in their nature statutes of repose, requiring diligence in enforcing rights and providing a period of limitation. Davis v. Howe, supra. Being notified of an adverse claim, evidenced by a recorded deed, regardless of its legal effect on title, appellants had five years within which to file suit for the recovery, failing in this they are now without a remedy.

The judgment of the trial court is affirmed.