Jimmie Charles WEST et ux., Appellants,

v.

PLANTATION HILLS, INC., et al.,
Appellees.

No. 16149.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

June 14, 1973.

Rehearing Denied July 19, 1973.

Robert L. Rice, Richard Bormet, Houston, for appellants.

W. G. Smith, Houston, for appellees; Lott & James, Houston, of counsel.

PEDEN, Justice.

Plaintiffs appeal from the granting of a summary judgment in a trespass to try title suit filed to resolve a boundary dispute. Defendants asserted the three-year and the five-year statutes of limitation in support of their motion, relying in part on admissions by the plaintiffs.

We find no basis for holding that the defendants were entitled to summary judgment as a matter of law. We reverse the judgment that the plaintiffs take nothing and remand this cause to the trial court.

Plaintiffs' original petition was filed on January 20, 1969. It asserted that on September 10, 1962 plaintiffs were and still are the owners in fee simple of the north two acres out of Lot Six, Block Three of Swea Gardens, a subdivision whose plat is recorded in Vol. 75, page 363 of the Deed Records of Harris County, Texas. That on or about that date V. D. Packer and defendant Plantation Hills, Inc., "unlawfully entered upon the premises above described and disposes your Plaintiffs the possession of a strip of land along the North boundary line of said Lot Six (6) Block Three (3), of Swea Gardens a distance of 17.49 feet wide on the East boundary of said Lot 6 and a distance of 20.49 feet to the West Boundary of Lot Six (6) by erecting a fence thereon." Plaintiffs' original petition then related the nature of the actions taken by the other parties defendant in connection with the property in question. The petition alleged:

X.

"That all the Defendants are maintaining their South Boundary line along the North boundary of the said Lot Six (6) Block Three (3) of SWEA GARDENS, a distance of 17.49 feet too far South on the East Boundary line thereof and 20.49 feet too far South on the West Boundary line thereof, and along a line approximately parallel to the true South Boundary line of said Lot Five (5).

XI.

"That the Plaintiff, and their predecessors in title have held the above described portion of the South Boundary of Lot 5 and North boundary of Lot 6 in peaceable, adverse, hostile and continuous possession under title and color of title for a period of more than 25 years, and therefore the Plaintiffs have title thereto under the 3-year Statute of Limitations, under the 5 year Statute of Limitations, under the 10 year Statute of Limitations, and under the 25 year Statute of Limitations.

XII.

"That the Plaintiffs have been deprived of the use and benefit of said portion of land above described since the 10th day of September, A.D., 1962, until the date of the trial hereof, and the usual rental value of said land in said Lot Six (6) is the sum of ONE HUNDRED AND NO/100 ($100.00) DOLLARS per acre.

XIII.

"That the Defendants herein, individually and/or collectively, have destroyed the fence heretofore erected on the above described boundary line by the Plaintiffs, all to the Plaintiffs' damage in the sum of $200.00."

On May 18, 1971 the defendants timely filed their second amended answer. It contained a general denial, an allegation of common source (dedication of Swea Gardens dated September 6, 1894), a plea of not guilty, an assertion of the three, five, ten and twenty-five year statutes of limitation, pleas of laches, waiver and estoppel by judgment. By way of cross-action the defendants asked that such real property as has been recognized as theirs by virtue of the recognized boundaries be awarded to them. Included in their prayer was a re-

quest "that the plaintiffs be ordered to remove immediately the fence wrongfully placed on defendants' property."

Defendants' motion for summary judgment stated these grounds:

1. Plaintiffs seek to recover certain real property, alleging peaceable possession until September 10, 1962, at which time they claim unlawful taking by the defendants.

2. The matter has already been litigated in cause number 666,132 and certified copies of pertinent pleadings are attached.

3. The attached affidavit, admissions and exhibits on file show that there is now no genuine issue as to any material fact and that defendants are entitled to judgment as a matter of law.

The affidavit in support of the defendants' motion for summary judgment was executed by the attorney of record for the defendants. It states that this matter has been previously litigated in cause number 666,132. That when it was called for trial it appeared to plaintiffs that they could not make the required proof, so they took a non-suit. That their petition alleged that the defendants (in this cause) were in possession of the disputed property and that cause number 787.723, the instant case, was filed more than five years from the date the plaintiffs allege the wrongful taking occurred, so their present cause of action would be barred by the applicable statutes of limitation.

It is true that the original petition filed by the plaintiffs in this cause alleges the same cause of action they had asserted in cause number 666,132 and that they took a non-suit in that case. It is also true that the plaintiffs' pleadings alleged that they had been dispossessed by the defendants in 1962, but in their second amended petition, filed in this suit we will notice that plaintiffs contradicted their earlier allegations as to possession of the land in question.

■ Despite appellees' allegation, the taking of a non-suit did not constitute a litigating of the issues in the earlier case.

The plaintiffs' answer to the defendants' motion for summary judgment was accompanied by an affidavit by plaintiff Jimmie Charles West alleging that on or about May 23, 1964 he erected a fence along the north line of Lot 6 and the south line of Lot 5 as surveyed by the county surveyor and has maintained it continuously ever since. That he was only rebuilding a fence that has been there since he was a child. That it has been cut about four times since he rebuilt it, but he promptly replaced the wires and repaired the fence.

The plaintiffs' second amended petition alleged that on January 14, 1969 they were and still are the owners in fee simple of the north two acres out of Lot 6, Block 3 of Swea Gardens. That on that date defendant Melbaleen Buvenhauser Mitchell unlawfully entered upon the premises and attempted to dispossess plaintiffs of the possession of a strip of land along the north boundary line of Lot 6 Block 3 of Swea Gardens, a distance of 54.2 feet east and west by attempting to erect a fence thereon, but was prevented from doing so by plaintiffs. That plaintiffs erected a barbed wire fence along the north boundary line of Lot 6 in Block 3 of Swea Gardens on or about May 23, 1964, and have since that date maintained this fence. That the plaintiffs and those under whom they claim title have occupied the entire north boundary of Lot 6, Block 3 of Swea Gardens from October 26, 1926, until the present. That defendant Plantation Hills, Inc. after subdividing Lots 3, 4 and 5, in Block 3, have attempted to maintain their south boundary line along the north boundary of Lot 6 in Block 3 of Swea Gardens which line is too far south in the amount of 20.49 feet on the west end of the boundary line and too far south in the amount of 17.49 feet on the east end of the boundary line. That plaintiffs and their predecessors in title have held the above described portion of the south boundary of Lot 5 and

the north boundary of Lot 6 in peaceable, adverse, hostile, and continuous possession under title and color of title for a period of more than 25 years, and therefore the plaintiffs have title under the 3 year, the 5 year, the 10 year and the 25 year statutes of limitations.

These allegations clearly contradict those contained in plaintiffs' earlier pleadings to the effect that the defendants had dispossessed the plaintiffs from the strip of land in question on September 10, 1962.

"It is the general rule that the pleadings in a particular case, for the purpose of use as such in that case, are to be regarded as judicial admissions, rather than just ordinary admissions. Texas Law of Evidence, McCormick & Ray, p. 640. It is also the general rule that when a pleading has been abandoned, superseded, or amended, it ceases to be a judicial pleading, and therefore ceases to be a judicial admission. It follows that any admission contained in an abandoned pleading ceases to be binding on the pleader, in the sense that he is prevented from disproving facts alleged therein. Such pleading, however, still remains a statement seriously made, and it can be introduced in evidence as an admission. Texas Law of Evidence, McCormick & Ray, p. 642." Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726, 729 (1941).

■ We hold that the plaintiffs' superseded allegation did not establish as a matter of law in this summary judgment case that the defendants had dispossessed the plaintiffs from the land in question in 1962 and that the affidavit of plaintiff Jimmie Charles West, which we have noticed, also serves to put the fact and the date of dispossession, if any there was, in issue. Even if it did not, we still could not agree with defendants'-appellees' contention on appeal that their right to prevail under either the three-year or the five-year statute of limitation has been established. The defense of limitations cannot be established by proof of bare possession. Appel-

lees have not shown that their possession, or the possession of those under whom they claim, was hostile, continuous, peaceable and adverse.

"The requisites named in the five-year statute for the giving of notice to the land owner that a claim is being asserted thereto, or for maturing limitation title thereunder, are (1) a recorded deed to the land; (2) the payment of taxes; and (3) adverse possession; and it is essential to maturing the title that all the requisites named continue through the entire period. Art. 5509, R.C.S. 1925; . . . ." Pinchback v. Hockless, 138 Tex. 306, 158 S.W.2d 997, 998 (1942).

We find nothing in the record to establish as a matter of law, or even show, that defendants or those under whom they claim have paid taxes on the strip of land through the entire period.

As to the three-year statute, Art. 5507 of Vernon's Ann. Texas Civil Statutes, we find nothing in the record to show that defendants ever pleaded or showed that their possession, if any, for three or more years was under title or color of title, i.e., that their title connects with the sovereignty of the soil.

The only indication as to boundary location in the record is a survey map purporting to show the disputed lines. It was attached to plaintiffs' second amended petition, and stated that it was prepared on April 2, 1964 by the Harris County Surveyor. It does not support defendants' judgment.

■ The question of adverse possession is essentially a question of fact and only in rare instances is a court justified in holding as a matter of law that it has been established. Lundelius v. Thompson, 461 S. W.2d 153 (Tex.Civ.App.1970, writ ref. n.r. e.).

■ If it affirmatively appears, in a summary judgment case, from the pleadings, admissions, depositions and affidavits

that there are no issues as to any material facts upon which the outcome of the litigation depends, then summary judgment remains the proper remedy, even if it is to be granted upon a ground different from that specified in the motion for judgment. Phil Phillips Ford, Inc., v. St. Paul Fire & Marine Ins. Co., 465 S.W.2d 933 (Tex. 1971).

Finding no ground to sustain the judgment, we order it reversed and remanded.