John F. WATERS, Appellant,

v.

Frank H. KING, Guardian Estate of Christine W. Dinkins, Appellee.

No. 15934.

Court of Civil Appeals of Texas.

Dallas.

Dec. 29, 1961.

Virgil R. Sanders, Fleming A. Waters, Dallas, for appellant.

W. H. Frank Barnes, Terrell, for appellee.

YOUNG, Justice.

Invoking provisions of Art. 220(b) Probate Code, Vernon's Ann.Civ.St. appellant sought removal of Frank H. King as guardian of the person and estate of Christine W. Dinkins, and for appointment of himself as such guardian, asserting a superior right. He was a nephew of this ward. On hearing of the application to the Probate Court of Kaufman County and in turn to the District Court, the same was denied with this appeal from the latter judgment. A somewhat fuller statement of the antecedent facts other than those presented by appellant is now made.

On August 12, 1958 Frank H. King was appointed guardian of the person and estate of Christine W. Dinkins, a person of unsound mind, and duly qualified as such guardian. Frank H. King was related to the ward as a second cousin once removed. On July 27, 1959 Fleming A. Waters, brother of appellant and likewise a nephew of the ward, filed an application in the County Court of Kaufman County, seeking a removal of Frank H. King as such guardian and for appointment of himself, the claim being based on his prior right. Upon hearing, the petition was denied on August 7, 1959 with no appeal to the District Court for a trial de novo. On the 11th day of August 1959, appellant John F. Waters, brother of Fleming A. Waters filed the instant petition in the County Court of Kaufman County claiming a similar prior right as already stated, which petition was denied September 8, 1959; and on trial de novo in District Court being denied on September 23rd, 1960 with judgment to that effect entered on December 9, 1960. At request of appellant, the trial court filed findings of fact and conclusions of law, and no assignment of error is made by him to these findings of fact as to sufficiency of the evidence in support of same. Appellant in his motion and application

made no contention that Frank H. King had violated his trust in any way and did not seek to remove him for cause.

These points of appeal urge court error (1) "in refusing the application of John F. Waters to have the letters previously granted to Frank H. King as guardian of the person and estate of Christine W. Dinkins revoked and in refusing to order the County Court to issue letters to the applicant;" (2) "in its holding that John F. Waters had waived his prior right to be appointed guardian of the person and estate of Christine W. Dinkins;" (3) "in holding that John F. Waters is estopped to urge his prior right to be appointed guardian of the person and estate of Christine W. Dinkins." Appelleee has interposed appropriate counterpoints.

Art. 220(b) Probate Code provides in part: "Where letters have been granted to one, and another whose right thereto is prior and who has not waived such right and is qualified, applies for letters, the letters previously granted shall be revoked and other letters shall be granted to the applicant." While initially the right of appellee to this appointment was subordinate to that of appellant, such priority may be waived by conduct as well as by express declaration. Vannoy v. Gibson, Tex.Civ.App., 102 S.W. 2d 492; 13 Tex.Jur. p. 665.

Above mentioned findings are quoted in greater part: "That applicant herein, John F. Waters, knew that the said Christine W. Dinkins was of unsound mind to the extent that she was unable to take care of business approximately 8 years prior to the time hearing was had on his application as above set forth." * * * "That Christine W. Dinkins had been residing with Fleming A. Waters for many years and had never lived or resided with John F. Waters, applicant herein." * * * "That the said John F. Waters after he learned that the said Christine W. Dinkins was of unsound mind to the extent that she could not look after her own business affairs authorized his brother, Fleming A. Waters,

to do whatever was necessary to take care of her interest." * * * "That the said Fleming A. Waters requested that the said Frank H. King to file an application to be appointed guardian of the person and estate of Christine W. Dinkins and agreed his appointment should be made." * * * "That the said John F. Waters, applicant herein, knew that Frank H. King was paying Fleming A. Waters money out of the estate of Christine W. Dinkins for her care and support." * * * "John F. Waters, applicant herein, had been living in Dallas County for many years and had visited in Terrell on frequent occasions, that Terrell is in Kaufman County where said guardianship was pending and all of these proceedings had." * * * "That for approximately 8 years prior to this hearing John F. Waters knew Christine W. Dinkins was incapable of transacting her business because of her mental condition and during that time he never made any inquiries as to what was being done but left it entirely to his brother, Fleming A. Waters, to do whatever was necessary."

Since these findings of fact have not been challenged by any assignment of error, they stand as the proven facts in this case. Accordingly this court has no jurisdiction to go behind these findings and must accept them as supported by the evidence. Appellant's points are obviously of *no evidence* to support the judgment rendered. "An assignment presenting only the question of no evidence, which is a 'question of law', does not invoke jurisdiction of the Court of Civil Appeals to decide sufficiency of the evidence to support a jury finding, which is a 'question of fact'." Liberty Film Lines, Inc. v. Porter, 136 Tex. 49, 146 S.W.2d 982. "No assignment of error having been made by the appellant in the Court of Civil Appeals on the ground of the insufficiency of the evidence to sustain the judgment of the trial court, the Court of Civil Appeals had no jurisdiction to pass upon that question." Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164, 166.

However on reading the statement of facts, we find adequate factual basis for the judgment rendered.

Judgment of the trial court is accordingly affirmed.