Florence HARDEMAN et vir, Appellants,

v.

Pete MITCHELL, Appellee.

No. 427.

Court of Civil Appeals of Texas.

Tyler.

July 10, 1969.

Rehearing Denied Sept. 18, 1969.

Adams, Granberry & Hines, and F. P. Granberry, Crockett, for appellants.

Lewis W. Graves, Jr., Barrow, Bland & Rehmet, Thomas H. Lee, Houston, for appellee.

MOORE, Justice.

This is a suit in trespass to try title and for partition. Appellee, Pete Mitchell, filed suit in two counts. In the first count, he sued E. B. Rhodes and Florence Hardeman and husband, Henry Hardeman, in trespass to try title to recover title and possession to a 50-acre tract of land. In the second count, appellee sued his step-daughter, Florence Hardeman, et vir, for partition of a 30-acre tract and 40-acre tract of land alleging he and Florence Hardeman were joint owners in that the land constituted a part of the community estate of him and his deceased wife, Norvella Mitchell. His prayer was for the appointment of special commissioners to divide the land. Appellants answered with a plea of not guilty and specially pleaded the Two, Four, Five and Ten Year Statutes of Limitation.

After a trial before the court, sitting without a jury, judgment was rendered against appellee in his action in trespass to try title to recover the 50-acre tract of land. This portion of the judgment became final and we are not concerned with this tract on this appeal. With respect to the second count in the petition, the trial court ren-

dered judgment in favor of appellee, Pete Mitchell, awarding him an undivided one-half interest in the 30-acre tract and the 40-acre tract and ordered a partition. Appellants, Florence Hardeman and husband, Henry Hardeman, not being satisfied with the judgment, duly perfected this appeal.

The record reveals that appellee, Pete Mitchell, and Norvella Mitchell, deceased, were married on November 16, 1943. Appellant, Florence Hardeman, is the surviving daughter of Norvella Mitchell and is the step-daughter of appellee, Pete Mitchell.

During their marriage, Pete and Norvella Mitchell acquired the two tracts of land in question. The first tract, containing approximately 30 acres, was acquired from J. A. Brannen, et al., by deed dated November 8, 1944. The second tract, containing 40 acres, was acquired from J. A. Brannen by deed dated December 19, 1944, and recited a consideration of $100.00 in cash and the execution of four vendor's lien notes in the sum of $175.00 each.

It is without dispute that both of the foregoing tracts constituted the community property of appellee and Norvella Mitchell. The parties constructed the house on the 40-acre tract where they resided until they separated in July of 1950. Subsequently, on November 16, 1950, Norvella Mitchell was granted a divorce from appellee. The judgment, however, did not contain any adjudication of the title to either tract of land.

Norvella Mitchell died testate on February 14, 1956, leaving all of her property to her daughter, Florence Hardeman.

In support of their claim of record title to the 40-acre tract, appellants introduced in evidence a deed dated October 1, 1949, executed by Pete and Norvella Mitchell conveying the 40-acre tract back to J. A. Brannen, the original grantor. They also introduced a deed dated October 6, 1949, by which J. A. Brannen conveyed the 40-acre tract to appellants.

Appellee, Pete Mitchell, filed this suit on September 23, 1961, and the cause finally reached trial on July 15, 1968.

By an amended petition dated July 8, 1968, appellee, Pete Mitchell, attacked the appellants' title to the 40-acre tract by alleging that the deed dated October 1, 1949, by which he and Norvella Mitchell purportedly re-conveyed the 40-acre tract back to J. A. Brannen was never delivered.

By their first point of error, appellants contend that the appellee's cause of action for a partition amounts to an attack upon their chain of title to the 40-acre tract and constitutes nothing more than a cause of action to set aside a deed. Therefore, they say that appellee's action was barred by the Four Year Statute of Limitation, and that the trial court erred in refusing to sustain their plea in bar. Appellee, on the other hand, contends that the deed dated October 1, 1949, by which he and Norvella Mitchell purportedly re-conveyed the 40-acre tract back to the grantor, J. A. Brannen, was void for lack of delivery. Consequently, he contends that his cause of action is one to recover an interest in land and therefore it is not controlled by the Four Year Statute of Limitation. Article 5529, Vernon's Ann. Civ.St.

While appellee did not deny the execution of the deed conveying the 40-acre tract back to Brannen, he testified that he was illiterate and unable to read and write, and that he was of the impression that the instrument he signed was a release of the vendor's lien notes which he and Norvella paid Brannen out of funds they received in a settlement of a lawsuit. He further testified if the instrument he signed was a deed, he did not deliver it to Brannen and never had any intention of delivering a deed to him.

Appellant, Florence Hardeman, testified that soon after her mother's death on February 14, 1956, she found the deed executed by her mother and appellee conveying the

40-acre tract back to Brannen in a trunk in her mother's home; that it was in a sack among other instruments belonging to her mother, and that it had not been recorded. She testified that she placed it of record on June 12, 1968, shortly before the trial of this cause.

J. A. Brannen did not testify and the foregoing seems to be the only testimony touching on the question of whether or not the deed was ever delivered.

At the request of the appellants, the trial court filed findings of fact and conclusions of law. Among other findings, the court found that the deed from appellee and Norvella Mitchell to J. A. Brannen purporting to convey the 40 acres back to him had never been delivered.

■ The question of whether the Four Year Statute of Limitation applies in this case depends on whether this was a suit "for the recovery of real estate." The test of whether an action is one to recover real estate within the express exception of Article 5529, V.A.C.S., is whether the title asserted by the plaintiff, whether legal or equitable, will support an action in trespass to try title. In determining this question, mere form in which the action is brought is immaterial. Carl v. Settegast (Tex.Com. App.) 237 S.W. 238; Burney v. Burney (Tex.Civ.App.) 261 S.W. 182.

■ The rule is well established in this state that where a deed is absolutely void, a suit in law in trespass to try title may be maintained to recover the land without setting the deed aside, and the Statutes of Limitation governing actions for the recovery of land in these instances are applicable. If, however, the deed is voidable only, the Four Year Statute, Article 5529, V.A.C.S., controls. Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671. Therefore, it becomes necessary to determine whether the deed dated October 1, 1949, from Pete and Norvella Mitchell to J. A. Brannen was void or merely voidable.

■ It has long been the settled rule in this state that a delivery of a deed is requisite to its validity as a conveyance, and in the absence of delivery, it transfers no title. 19 Tex.Jur.2d, Sec. 81; Steffian v. Milmo Nat. Bank, 69 Tex. 513, 518, 6 S.W. 823; Sgitcovich v. Sgitcovich (Tex.Civ.App.) 229 S.W.2d 183.

■ The trial court found that the deed was never delivered. Appellants failed to bring forward any point of error challenging this finding or questioning the presence or sufficiency of the evidence to support the trial court's finding of lack of delivery. Accordingly, such finding stands as a proven fact in the case. Waters v. King (Tex.Civ.App.) 353 S.W.2d 326 (n. w. h., 1961); Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156; Kroger Company v. Warren (Tex.Civ.App.) 420 S.W.2d 218. There being no delivery of the deed, no title whatever passed out of Pete and Norvella Mitchell to J. A. Brannen and as a consequence, no title passed from J. A. Brannen to appellants. It was therefore neither necessary nor appropriate for appellee to invoke the equitable powers of the court for the purpose of divesting title from appellant because title had never been divested from appellee or vested in appellant by a deed which, though executed by appellee, had never been delivered to J. A. Brannen, appellants' predecessor in title. Consequently, our conclusion is that the cause of action asserted by appellee was clearly an action "for the recovery of land" and as a result, the provisions of Article 5529, the Four Year Statute of Limitation, would not be applicable. Appellants' first point is overruled.

■ By the second point of error, appellants assert that the trial court erred in refusing to hold that they acquired title to the 40-acre tract by adverse possession under

the Five and Ten Year Statutes of Limitation. The point is multifarious and in violation of Rule 418, Texas Rules of Civil Procedure. Nevertheless, we have reviewed the record and will undertake to express our views as to why the point is without merit.

■■■■■ When appellant, Florence Hardeman, acquired the deed to the 40-acre tract on October 6, 1949, appellee, Pete Mitchell, and Norvella Mitchell were the record owners of the 40-acre tract because the deed in which they purportedly conveyed the land back to J. A. Brannen was void for lack of delivery. It is without dispute that when appellants acquired their deed to the 40-acre tract from Brannen on October 6, 1949, appellee and Norvella were in possession of the land and maintained their home thereon. Their possession was in no way disturbed. While appellee's actual possession terminated with the divorce on November 16, 1950, Norvella continued in possession. In view of the fact that the divorce decree failed to divide the land, appellee and Norvella thereafter became co-tenants. McDaniel v. Thompson (Tex.Civ. App.) 195 S.W.2d 202 (err.ref.); Chasteen v. Miller (Tex.Civ.App.) 349 S.W.2d 772. The evidence shows without dispute that Norvella Mitchell continued in possession of the 40-acre tract, using it as her home and claiming title thereto, until her death on February 14, 1956. Appellants do not deny this. However, they testified that they also claimed the land and used it as their home on a part-time basis commencing as of the date they acquired their deed from J. A. Brannen on October 6, 1949. So, we have a situation where appellants seek to assert an adverse claim while at the same time admit that their possession was not exclusive but was joint or common with Norvella Mitchell, a co-tenant of appellee.

It is well settled that to be effective as a means of acquiring title, the possession of an adverse claimant must be exclusive of the true owner. Any sort of joint or common possession by a claimant and the owner or a tenant of the owner prevents the claimant from having the requisite quality of exclusiveness. In these circumstances, the law considers the one who has title as in possession. Petty v. Dunn (Tex.Civ.App.) 419 S.W.2d 417, citing authorities.

If this is true, then the Statutes of Limitation would not commence to run in favor of appellants until the death of Norvella Mitchell on February 14, 1956. In order for claimants to mature title under the Five Year Statute of Limitation, the burden is upon them to prove the payment of taxes before delinquency during such five-year period of time. Article 5509, V.A.C.S.; Keels v. Keels (Tex.Civ.App.) 427 S.W.2d 913. The record shows without dispute that taxes were not paid before delinquency during any five-year period between the death of Norvella on February 14, 1956, and September 23, 1961, the date suit was filed. For this reason and others hereinafter stated, we think appellants failed to establish title under the Five Year Statute.

■■■■■ Of course, if limitations did not commence to run in appellants' favor until the death of Norvella Mitchell on February 14, 1956, as we have held, the fact that appellants may have subsequently asserted adverse claim for approximately six years until suit was filed on September 23, 1961, would obviously not constitute a sufficient time to satisfy the requirements of the Ten Year Statute of Limitation. Article 5510, V.A.C.S.

Nor do we believe that appellants can claim the benefit of the Five or Ten Year Statute by tacking their adverse claim with that of Norvella Mitchell, their predecessor in title.

■■■■■ As stated, until the death of Norvella Mitchell in 1956, appellee and Norvella were the true owners of the record title as co-tenants. The general rule is that the possession of a co-tenant or a tenant in

common will be presumed to be in the right of the common title. He will not be permitted to claim the protection of the Statutes of Limitation unless it clearly appears that he has repudiated the title of his cotenant and is holding adversely to it. Todd v. Bruner, Tex., 365 S.W.2d 155, citing Phillipson v. Flynn, 83 Tex. 580, 19 S.W. 136; Poenisch v. Quarnstrom, Tex., 361 S.W.2d 367.

■ The trial court found that there had been no repudiation. The evidence touching on the question is, at most, conflicting, and consequently we are bound by the ruling of the trial court. Kuhn v. Downs (Tex.Civ.App.) 208 S.W.2d 154. Thus, since there was never any repudiation of the appellee's title, Norvella's possession was not adverse and as a result, neither the Five nor Ten Year Statute of Limitation ever commenced to run in her favor. Therefore, proof of her possession would be of no benefit to appellants in their effort to prove title under either Statute.

By the third point, appellants assert that the court erred in failing to hold that the appellants acquired title to the 30-acre tract by adverse possession under the Five and Ten Year Statutes.

■ Insofar as the Five Year Statute is concerned, we fail to find anything in the record showing that appellants ever asserted any claim to the 30-acre tract under a deed. Under these circumstances, we fail to see how appellants can claim the benefits of the Five Year Statute. Article 5509, supra.

As to the Ten Year Statute, the same situation exists here as it did with respect to the 40-acre tract. Consequently, what was said there would apply with equal force to appellants' claim to the 30-acre tract. Appellants' third point is therefore overruled.

The judgment of the trial court is affirmed.