**RELIANCE ELECTRIC AND ENGINEERING COMPANY, Appellant,**

v.

**CARRIER–HOUSTON CORPORATION, Appellee.**

No. 15509.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 18, 1969.

Rehearing Denied Oct. 9, 1969.

P. Allan Port, Houston, Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellant.

Billy E. Lee, Houston, for appellee.

BELL, Chief Justice.

On November 8, 1966 appellee and Atlas Engineering Company filed suit against appellant to recover damages for breach of an implied warranty that two air conditioning unit motors were fit for the purpose for which they were intended. The appellant, among other things, pleaded the cause of action was barred by the two year statute of limitation. Trial was to a jury. The trial court granted appellant's motion for instructed verdict and rendered judgment that Atlas take nothing. Atlas has not appealed. Appellant, both at the conclusion of appellee's evidence and at the conclusion of all evidence, moved for an instructed verdict against appellee on the ground that its cause of action was barred by the two year statute of limitation. Each was overruled. The case was submitted to the jury on five special issues. All were answered favorably to appellee except Issue No. 5. In answer to it the jury found that appellee knew or in the exercise of ordinary care should have known the two motors on December 10, 1963 were not suitable and reasonably fit for the purpose for which they were manufactured and sold.

The effect of the answer to Issue No. 5 was to preclude recovery by appellee because of the two year statute of limitation. Appellee filed a motion to disregard this answer and to render judgment in its favor. This motion was granted and judgment was rendered for appellee for $2,348.00, this being the difference between the contract price and the reasonable market value of the motors at the time of delivery.

Appellant by point of error asserts the trial court erred in disregarding the jury's answer and after disregarding it rendering judgment on the balance of the verdict. It says its motion for judgment on the verdict should have been rendered that appellee take nothing.

■ A jury answer may be disregarded only if there is no evidence of probative force to support it. In determining whether there is such evidence, we consider only that evidence favorable to the answer, and if from it a reasonable mind could arrive at the same conclusion the answer is supported by evidence of probative force and may not be disregarded.

■ The record reflects that appellant shipped the motors to appellee in July, 1963. The motors were installed in air conditioning units. They were sold by appellee to Atlas for installation in the Sage store that was under construction. Installation was completed August 26, 1963. On that date, when one of the motors was started, the motor winding exploded and burned. It was repaired at the expense of appellant and reinstalled. On September 20, 1963, the second motor suffered a similar failure. It, too, was repaired at appellant's expense and reinstalled. The first motor again suffered failure on December 10, 1963 and September 29, 1964. The second motor again suffered failure December 28, 1964 and in May, 1965. Both motors were replaced by appellee June 30, 1965.

Mr. Atlas testified in his 23 years of experience he had never seen a motor fail on start-up. He, because of his experience, and because of this quick failure, considered the motor defective. He notified appellee that so far as he could determine the motor was defective. When the second motor failed September 20, 1963, Mr. Atlas called appellee; told Carrier Atlas had two defective motors, and asked that they be replaced.

Mr. Robinson, president of appellee, testified that Mr. Atlas communicated with him in September, 1963, and told him both motors had failed and he felt both motors were defective. Mr. Atlas, after communicating the above to Mr. Robinson, asked what appellee was going to do about the motors. Mr. Robinson testified also that when the motors began giving trouble he requested that they be replaced.

The motors were not replaced until June, 1965. They were repaired after each failure, but the repairs did not, except for brief periods of time, suffice to correct the defect.

■ Appellee does not challenge the recited evidence. We hold that such evidence supports the answer of the jury to Issue No. 5. Appellee really does not argue in its brief or here that there is not evidence of probative force to support the answer. Rather appellee seeks to avoid the effect of the answer by urging that appellant was not entitled to have the issue submitted because by filing its motion for instructed verdict it had submitted the matter for the court's determination and having received an adverse ruling it waived a jury determination.

When a court passes on a motion for instructed verdict, it is not determining a fact issue but is determining whether a fact issue is raised that must be submitted to the jury.

We have read all cases cited by appellee and none of them supports appellee's position.

■ Also in its brief appellee urges by way of argument that appellant was estopped to assert the statute of limitation because appellee kept cooperating with appellant in trying to remedy the defects. Appellee did not plead estoppel. Neither was any issue requested or submitted covering the elements of estoppel. Estoppel was not established as a matter of law. Even had it been pleaded it would have been necessary for appellee to have issues submitted to the jury. Not having done so, there was waiver of estoppel.

Appellee cites Loomis Construction Company v. Matijevich, 425 S.W.2d 39 (14th), n. w. h. In that case the plaintiff by supplemental petition pleaded that the defendant was estopped to plead limitation. On trial to the court without a jury the court determined the fact issues and found an estoppel.

In its oral argument before this Court, but neither in its brief nor in its motion to disregard the jury's answer to Issue No. 5, appellee urges the two year statute of limitation was no bar because appellee had suffered no out of pocket expense until it replaced the motors in June of 1965.

The statute of limitation for breach of an implied warranty begins to run when the buyer discovers, or in the exercise of ordinary care should discover, the injury. Puretex Lemon Juice, Inc. v. S. Riekes and Sons of Dallas, Inc., 351 S.W.2d 119 (4th Tex.Civ.App.), ref. n. r. e. There is an extensive discussion in this case of the cases dealing with when limitation begins to run. See also Summers v. Bransford-Hinds Building Company, 383 S.W.2d 947 (11th Tex.Civ.App.), ref. n. r. e.

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing.