Sylvan J. ARDOIN et ux., Appellants,

v.

James D. WALKER, Appellee.

No. 477.

Court of Civil Appeals of Texas,
Houston (14th Dist.)

April 28, 1971.

Newton B. Schwartz, James W. Stallcup and Jack Harris of Law Offices of Newton B. Schwartz, Houston, for appellants.

Howell E. Stone of Talbert, Giessel & Stone, Houston, for appellee.

BARRON, Justice.

This is a damage suit filed by Sylvan J. Ardoin and wife, Norma Ruth Ardoin, against James D. Walker as a result of an automobile accident occurring on the Gulf Freeway at approximately one o'clock in the early morning of December 17, 1967.

The accident involved directly or indirectly several automobiles. The plaintiff, Mrs. Ardoin, who was alone in the car, alleged that her 1960 Chevrolet was struck from the rear by a 1967 Mustang driven by the defendant, and that her car then was knocked into or skidded into a 1960 Pontiac ahead of her on the freeway, causing personal injuries to her. The record shows

some difficulty with the definition of "esplanade lane," but Mrs. Ardoin testified that she was driving approximately 45 m. p. h. in such esplanade lane with two lanes to her right. She was struck from the rear but did not see what struck her, either then or later. She then skidded into the 1960 Pontiac above mentioned which was in front of her. The Pontiac had been traveling about five car lengths ahead at approximately the same rate of speed as her vehicle was traveling. She did not observe the Pontiac until immediately before she hit it.

Officer Cox testified that he witnessed the occurrence. He was a passenger in a patrol car which was traveling in the center lane of the Gulf Freeway. He testified that he observed defendant's Mustang enter the freeway and then strike the rear of plaintiff's car, which was almost stopped with traffic in front. The record indicates that the Ardoin vehicle was not in the esplanade lane but was in the number one lane by the entrance ramp to the freeway. The traffic ahead of the Ardoin vehicle, including the Pontiac, was stopped. The Mustang spun around on the freeway and then continued after striking the esplanade in a southerly direction in which the traffic was moving. The officer testified that the defendant's Mustang struck the Ardoin vehicle and thereafter struck the curb of the esplanade.

Defendant, James Walker, testified that he entered the freeway at approximately 45 m. p. h., and as he moved to the center lane he saw a 1957 Chevrolet stalled over the hump in front of him. There was a tractor-trailer coming from behind on the right side. He hit his brakes, cut hard to the left and hit the esplanade with the right front of his car. In the 1957 Chevrolet he saw a man and two little boys in that car. He testified directly and positively that he never did come in contact with or collide with any vehicle but struck only the esplanade with the right front end of his Mustang before spinning southward toward Galveston. The Mustang did not hit any-

thing else after it spun around on the highway. Defendant's testimony was corroborated positively by Ed Sweeny, a passenger in defendant's vehicle. Slight damage was shown to the rear of plaintiff's Chevrolet, and greater damage was shown to the front end. It was raining hard during the occurrence of the above facts.

The trial court submitted ten special issues to the jury. The jury found that there was no collision between the Ardoin and Walker vehicles, found all three groups of negligence issues in favor of the defendant, and found no damages. The trial court thereupon rendered a take nothing judgment in favor of the defendant, Walker. Mr. and Mrs. Ardoin have appealed.

Appellants contend that the verdict is against the great weight and preponderance of the evidence and that the trial court's continual interruptions of plaintiff's counsel so prejudiced appellant's case that a new trial is necessary.

■ While the testimony on vital points in this case is in direct conflict, it is within the province of the jury to resolve conflicts and inconsistencies in the testimony of a witness or between witnesses. Where the evidence is conflicting, the credibility of the witness is for the jury, who are given great latitude in believing or disbelieving the testimony of any witness. The above rules are so well established that citation of cases seems to be unnecessary. But see generally 62 Tex. Jur.2d, Sec. 370, pp. 437–439. When testimony of two witnesses is clear and unequivocal, we cannot say that the evidence is against the great and overwhelming weight of the testimony so as to be clearly wrong simply because conflict results between a party to the suit and an apparently disinterested police officer.

■ Moreover, the jury made no findings of negligence on the part of defendant proximately causing the alleged accident, and certainly negligence and proximate cause were not established as a matter of law. The accident indirectly involved many vehicles on Gulf Freeway on a rainy night and there is much latitude for some error on the part of any witness. The jury resolved the conflict, and we are not inclined to disturb it.

■ Appellants' motion for a new trial does not attack the negligence and proximate cause findings in any respect. Such findings were not predicated upon an affirmative answer to special issue number one concerning whether or not a collision occurred between appellant's and appellee's vehicles. Findings of fact by a jury which have not been challenged stand as proven facts. Waters v. King, 353 S.W.2d 326, (Tex.Civ.App.), no writ; Dallas Ry. & Terminal Co. v. Straughan, 254 S.W.2d 882, (Tex.Civ.App.), no writ. We hold that the jury was empowered to make the findings it did on all special issues submitted, under the evidence in this case.

■ The record shows that when the trial court desired to speak to either counsel at length on their conduct of the trial, the jury was sent from the courtroom. Most interruptions by the trial court were justified, rebukes were made to both counsel, and both sides were generally treated equally. The court is permitted to admonish counsel for improper conduct engaged in during a trial, and he has broad discretion in controlling the trial. This may be reflected in both conduct and statements on his part. See 56 Tex.Jur.2d, Sec. 79, p. 413, and Sec. 84, pp. 419–420, and cases there cited. In any event we find no reversible error from an examination of the record as a whole. Rule 434, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.