**Charles D. WAGNER, dba Aamco Transmissions, Appellant,**

v.

**Arletha BETTS, Appellee.**

**No. 700.**

Court of Civil Appeals of Texas, Tyler.

June 7, 1973.

Rehearing Denied June 28, 1973.

R. Jack Ayres, Jr., Atwell, Malouf, Musslewhite & Bynum, Dallas, for appellant.

John R. Bryant, Dallas, for appellee.

DUNAGAN, Chief Justice.

This action was brought by Arletha Betts against Charles D. Wagner, dba Aamco Transmissions, to recover damages to the Betts' automobile that had been delivered to Wagner for transmission repairs. Betts alleged that there was a bailment for the mutual benefit of both parties; that Wagner had failed to return the automobile to her; and further, that Wagner was negligent in permitting the departure of her automobile from defendant's place of business. Wagner defended on grounds that the vehicle was stolen from his place of business by an unknown person, and that he was not guilty of any act of negligence that proximately caused damages to Betts.

Trial was to a jury. The jury found that Wagner was not guilty of any act of negligence but found that Wagner's failure to deliver the car to Betts was a proximate cause of Betts' damages.

At the close of all the evidence, Wagner and Betts each filed motions for instructed verdict, both of which were overruled. After the jury had returned its verdict, Wagner filed a motion for judgment on the verdict. Betts filed a motion for judgment non obstante veredicto.

The trial court initially entered judgment for Wagner. Thereafter the trial court set aside this judgment and entered a judgment non obstante veredicto for Betts. It is from this judgment that Wagner has appealed.

Among other asserted errors Wagner asserts that the court erred in entering judgment for Betts because she failed to prove that he was guilty of any act of negligence that proximately caused damage to her and therefore failed to meet her burden of proof. We sustain this contention.

Wagner is the operator of an Aamco franchise in Dallas. Aamco repairs automobile transmissions. He had seven employees—five men who worked in the back, a girl and one man who worked up in front along with himself. On or about September 22, 1970, Mrs. Betts' son, on her behalf, delivered the 1968 Plymouth to Wagner for transmission repairs. After the necessary repairs were made to the automobile, Wagner on a Thursday called Betts and informed her that the car was ready. Wagner's and Betts' testimonies conflict as to whether the automobile remained at Wagner's more than a week before he called Betts that it had been repaired or whether it was from Thursday to the following Monday. We think it is immaterial how long the automobile remained with Wagner since the evidence shows that he used the same care each day and night in protecting the automobile. It is undisputed that when Wagner called and informed Betts that her automobile was ready, she told him it would not be convenient for her to get the car until a later date and while waiting for her to pick up the automobile it was stolen from Wagner's premises. Later it was recovered by the Police and Betts picked it up at the City Pound. It is alleged to have been in a damaged condition and Betts is suing for the alleged damages to the automobile by reason of it being stolen from Wagner's premises. Wagner testified that in the daytime the automobile was placed on the lot with other automobiles with the doors

locked and the keys kept inside on a pegboard in the front office with the rest of the car keys. This was the normal procedure used for all automobiles. At night the automobile was locked inside of the shop. It was about 8:15 or 8:30 a. m. on Saturday, October 3rd, when Wagner discovered that the automobile was missing. He usually gets to work around 8:00 a. m. He last saw the automobile about 5:00 p. m. on Friday, October 2nd, on the lot and it was locked. Upon discovering that the car had been removed from the lot without his knowledge or consent, Wagner went to the pegboard and found that the keys to this car were missing. There were no signs of a forced entry into the shop building. The pegboard with the keys on it is located in the back office number two, which is not visible from the waiting room. The pegboard was not visible from the door close to the offices through which people entered. Upon ascertaining that the car had disappeared from the lot, Wagner immediately called Betts and the Dallas Police Department and reported the automobile was missing. Both Betts and the Dallas Police came out to his place of business. When Betts arrived, Wagner told her that the automobile had disappeared from his premises and that the keys were gone. On the day the automobile disappeared there were about ten or twelve sets of keys on the pegboard. Wagner testified that since 1970, when he took over the business, this is the first time an automobile had been stolen from his premises. One thousand to twelve hundred automobiles a year go through Wagner's shop.

The jury found in response to Special Issues Nos. 1 that the failure of Wagner to have possession of Betts' automobile when she demanded its return would have occurred in the ordinary course of events if Wagner had exercised ordinary care, and 3 that Wagner did not fail to use ordinary care to protect the automobile while in his custody. The jury's answer to these two special issues constitutes a finding that Wagner was not guilty of any act of negligence. In response to Special Issue No. 2 the jury found that Wagner's failure to have possession of Betts' automobile on October 3, 1970, was the proximate cause of the damage thereto. This seems to be undisputed by the evidence. Under the record in this case, this is nothing more than a finding that the damage to the automobile was the result of it being stolen from Wagner's shop or lot.

The undisputed evidence conclusively shows that the automobile was stolen from Wagner's lot or premises. Theft is the fraudulent taking of corporeal personal property belonging to another from his possession or from the possession of some person holding it for him, without his consent, with intent to deprive the owner of its value and to appropriate it to the use or benefit of the person taking. Article 1410 of the Vernon's Ann.Penal Code and 55 Tex.Jur.2d p. 272 sec. 1. Although not used in the statutory definition of theft, the words "steal" and "stolen" are synonymous with theft. Article 1425 of the Penal Code and 55 Tex.Jur.2d p. 272 sec. 1.

■ Judgment non obstante veredicto is only authorized in cases in which an instructed verdict would have been proper or where a special issue finding has no support in the evidence. Casey v. Standish, 492 S.W.2d 629 (Tex.Civ.App., Amarillo, 1973); Eubanks v. Winn, 420 S.W.2d 698 (Tex.1967); Happ v. Happ, 160 S.W.2d 227 (Tex.Civ.App., San Antonio, 1942, writ ref., w. o. m.). If it cannot be said that Betts was entitled to a directed verdict, that is, that as a matter of law she was entitled to judgment prior to the case being submitted to the jury, it was error for the court to enter a judgment notwithstanding the verdict of the jury. Greene v. Bates, 424 S.W.2d 5 (Tex.Civ.App., Houston (1st) 1968, n. w. h.).

■ A directed verdict and a judgment non obstante veredicto may be rendered only where there is no evidence of probative force. When considering "no

evidence" points, the evidence is to be viewed in a light most favorable to the jury findings of fact, considering only the evidence and reasonable inferences which support the findings and rejecting the evidence and reasonable inferences which are contrary to the findings. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1950). Having reviewed the record, we find that the jury's answers to Special Issues Nos. 1 and 3 are supported by evidence of probative force.

Betts contends that she made out a prima facie case of liability against Wagner by proof of a bailment for mutual benefit, a delivery of the automobile to Wagner, and the failure of Wagner to redeliver; and that, as a matter of law, she is entitled to judgment because Wagner failed to produce any evidence, or in the alternative, produce insufficient evidence to destroy the presumption of negligence on the part of Wagner. However, Betts has not presented any cross-points challenging the sufficiency of the evidence to support the jury's findings in response to Special Issues Nos. 1 and 3 that Wagner was not guilty of any negligence. Therefore, this appeal as it reaches this court does not question the correctness of the jury's findings that Wagner was not negligent and such findings of fact must be regarded as conclusive upon the parties and are binding upon this court. Angelina County v. Kent, 374 S.W.2d 313 (Tex.Civ.App., Beaumont, 1963, n. w. h.); Old Colony Insurance Company v. Messer, 328 S.W.2d 335 (Tex. Civ.App., Beaumont, 1959, writ ref., n. r. e.); Hann v. Life & Casualty Insurance Company of Tennessee, 312 S.W.2d 261 (Tex.Civ.App., San Antonio, 1958, n. w. h.); Service Life Insurance Company v. Miller, 271 S.W.2d 301 (Tex.Civ.App., Fort Worth, 1954, writ ref., n. r. e.); Fidelity & Casualty Co. of New York v. Maryland Casualty Co., 151 S.W.2d 230 (Tex.Civ.App., San Antonio, 1941, n. w. h); Rule 451, Texas Rules of Civil Procedure.

When a trial court has entered judgment notwithstanding the verdict and the appellate court concludes that this was error, it must reverse the judgment of the trial court and enter judgment in harmony with verdict unless appellee presents by cross-points grounds sufficient to vitiate the jury's verdict or to prevent an affirmance of the judgment had one been entered on the verdict. Jackson v. Ewton, 411 S. W.2d 715 (Tex.1967).

The well established rule of law in this state that there is prima facie presumption of negligence on part of bailee when bailor proves that bailment for mutual benefit, a delivery of chattel to bailee and a failure by bailee to redeliver is in effect where that constitutes all the evidence; the burden of going forward is then upon bailee to produce evidence explaining the failure to redeliver in a manner which is consistent with his exercise of due care. When it is shown that bailed property is stolen or damaged or destroyed by a fire, bailee has sufficiently explained failure to return, or to return in undamaged condition, and bailor must produce evidence from which inference may be drawn that theft, loss or damage through fire was result of negligence on part of bailee or his agents. Allright, Inc. v. DeWint, 487 S. W.2d 182 (Tex.Civ.App., Houston [1st District] 1972, n. w. h.) and cases therein cited.

In our opinion the undisputed evidence showed the vehicle was stolen. The evidence offered by Wagner was sufficient to rebut any presumption of negligence that the damage to the automobile was result of negligence on part of Wagner, the bailee, and the jury so found.

This judgment cannot be sustained for two reasons: (1) the findings of the jury of no negligence on the part of Wagner which is supported by evidence of probative force and (2) since these findings of fact have not been challenged by any assignment of error, they stand as proven

facts and are binding on this court. Ardoin v. Walker, 466 S.W.2d 595 (Tex.Civ. App., Houston [14th] 1971, n. w. h.) and cases therein cited. Daniels v. Jones, 450 S.W.2d 928 (Tex.Civ.App., Tyler, 1970, writ ref., n. r. e.); Hardeman v. Mitchell, 444 S.W.2d 651 (Tex.Civ.App., Tyler, 1969; n. w. h.). Therefore, we must accept as a fact that the damages to the automobile in question were not the result of any negligence of Wagner. Waters v. King, 353 S. W.2d 326 (Tex.Civ.App., Dallas, 1961, n. w. h.).

In view of our disposition of this case it is unnecessary to consider the other points of error and we do not do so.

There being no negligence shown on the part of Wagner the trial court erred in overruling Wagner's motion for judgment on the jury verdict and in rendering judgment non obstante veredicto for Betts.

The judgment below is reversed and judgment is here rendered that Betts recover nothing by her suit.

Reversed and rendered.