**G. C. POOL, Appellant,**

v.

**Noah DICKSON, Appellee.**

**No. 770.**

Court of Civil Appeals of Texas, Tyler.

July 11, 1974.

Rehearing Denied Aug. 1, 1974.

Morgan, Shumpert, Huff, Philipps, Mosley & Co., Kurt A. Philipps, Kaufman, for appellant.

Holcomb & Norwood, Jack Norwood, Tyler, for appellee.

DUNAGAN, Chief Justice.

This lawsuit is a trespass to try title suit which resulted from a dispute as to the boundary line between the tracts of land owned by the parties and for recovery of damages for wrongful destruction of a "hog wire fence" owned by G. C. Pool. The case was tried to a jury which found that the land claimed by appellee, Noah Dickson, was owned by the appellant, G. C. Pool. The jury further found that a "hog wire fence" which was located upon the property of appellant was bulldozed down by A. B. Roberts while he was engaged in the service of appellee, Noah Dickson. The jury further found that the reasonable cost in Henderson County, Texas, to restore the "hog wire fence" to the condition in which it was immediately before it was destroyed was $1,700.00

Appellee filed a motion to disregard the findings of the jury given in response to Special Issue No. 3 [1] on the grounds (1) that as a matter of law there was no evidence to support said findings and (2) the issue submitted an erroneous measure of damages.

The trial court rendered judgment that appellant Pool do have and "recover of and from the Cross-Defendant Noah Dickson, the title and possession of the premises" in dispute. Also pursuant to appellee's motion it was ordered and decreed that Special Issue No. 3 "is disregarded and without legal effect." Only that portion of the judgment which disregarded the jury's finding to Special Issue No. 3 was appealed from. The other portions of the judgment not being appealed from are final and are not before us.

This case is submitted to us on one point of error which contends that the trial court erred in the granting of appellee-cross-defendant's motion to disregard Special Issue No. 3.

It is conceded by both parties in their briefs that the only question presented to this court is whether the trial court erred in granting appellee's motion to disregard the jury's answer to Special Issue No. 3. The trial court is authorized to disregard the jury's findings only if they have no support in the evidence; conversely, the jury's findings may not be disregarded if there is any evidence of probative force which, with proper inferences arising therefrom, will reasonably support the same. Short v. Potts, 473 S.W.2d 338 (Tex.Civ. App., Tyler, 1971, n. w. h.); Reliance Electric and Engineering Company v. Carrier-Houston Corporation, 445 S.W.2d 48 (Tex. Civ.App., Houston, 1st Dist., 1969, writ ref'd., n. r. e.); C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.1966); Texas & Pacific Railway Company v. Mc-Cleery, 418 S.W.2d 494 (Tex.1967); Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958); and Rule 301, Texas Rules of Civil Procedure. In deciding this question we are required to view the evidence in its most favorable light in support of the verdict. Texas & Pacific Railway Company v. McCleery, supra; Short v. Potts, supra; and Reliance Electric and Engineering Company v. Carrier-Houston Corporation, supra.

The only testimony shown in the statement of facts is from the appellant and his witness, A. B. Roberts. Mr. Pool testified that there was not any of the wire left from the fence destroyed that could be used; that to construct another

---

1. "Special Issue No. 3: What do you find from a preponderance of the evidence is the reasonable cost in Henderson County, Texas to restore the hog wire fence to the condi-

tion in which it was immediately before it was destroyed?
   "Answer in dollars and cents
   "ANSWER: $1700.00"

fence it was necessary to get new wire; and that it would cost sixty-two (62) cents per running foot to restore the fence to its condition immediately prior to its injury. Mr. Roberts testified that it would cost "between fifty and sixty-five cents a running foot." From the plat of the premises in controversy, which is a part of the record before this court, the length of the fence is shown to be approximately 3,450 feet. All of the above testimony is uncontroverted. Therefore, the jury's finding in response to Special Issue No. 3 is well within the range of cost to restore the fence to the condition in which it was immediately before it was destroyed.

After a careful review of the evidence, we have concluded that the jury's answer to the submitted issue in controversy is clearly supported by the evidence. We think the trial court erroneously disregarded the jury's answer to the issue.

■ Appellee makes the argument that the issue submits an improper measure of damages. As shown by the record, there was no exception or objection made to the issue complained of on this ground before the charge was presented to the jury. By failing to object to the issue submitting the measure of damages, appellee may not now complain that the court's charge permitted the jury to find damages based on an improper measure. Therefore, the objection now urged has been waived by the failure to object. Rules 272 and 274, T.R.C.P.; Success Motivation Institute, Inc. v. Lawlis, 503 S.W.2d 864 (Tex.Civ.App., Houston, 1st Dist., 1973, writ ref'd., n. r. e.); Carter v. Barclay, 476 S.W.2d 909, 917 (Tex.Civ.App., Amarillo, 1972, n. w. h.); Kroger Food Company v. Singletary, 438 S.W.2d 621, 629 (Tex.Civ.App., Beaumont, 1969, n. w. h.); Pargas of Canton, Inc. v. Clower, 434 S.W.2d 192, 196 (Tex.Civ. App., Tyler, 1968, n. w. h.); Jones v. Hydro Corporation, 420 S.W.2d 210 (Tex. Civ.App., Amarillo, 1967, n. w. h.); Wilson v. City of Port Lavaca, 407 S.W.2d 325, 331–332 (Tex.Civ.App., Corpus Christi, 1966, writ ref'd., n. r. e.); Safeway Stores, Inc. v. Bozeman, 394 S.W.2d 532, 539–540 (Tex.Civ.App., Tyler, 1965, writ ref'd., n. r. e.); Strachan Shipping Company v. Petty Geophysical Engineering Company, 369 S.W.2d 526 (Tex.Civ.App., Waco, 1963, writ ref'd., n. r. e.); and Howell v. Bowden, 368 S.W.2d 842, 849 (Tex.Civ.App., Dallas, 1963, writ ref'd., n. r. e.).

■ Moreover, appellee has not brought this question before us by cross points. Where the trial court has entered judgment in favor of the appellee after the court had, on proper motion, disregarded a certain answer of the jury and the appellate court concludes that this was error, it must reverse the judgment of the trial court and enter judgment in harmony with the verdict unless appellee presents by cross points grounds sufficient to vitiate the jury's verdict or to prevent an affirmance of the judgment had one been entered. Billings v. Atkinson, 489 S.W.2d 858 (Tex.1973); Wagner v. Betts, 496 S.W.2d 190, 194 (Tex.Civ.App., Tyler, 1973, writ ref'd., n. r. e.); Jackson v. Ewton, 411 S.W.2d 715 (Tex.1967); De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (Tex. 1955); and 4 Tex.Jur.2d 182, sec. 673.

■ Appellee also argues that the issue in question was immaterial and therefore it was properly disregarded by the trial court. We think this argument is without merit. It is based upon appellee's contention that the issue submits an improper measure of damages and therefore is immaterial. Even though an improper measure of damage is submitted, that alone would not make the issue immaterial. Again this point of contention urged has not been preserved for our consideration as there is no cross point by appellee. Appellee's failure to bring forward by cross points such grounds as would vitiate the verdict is a waiver thereof. As above stated, under this situation, we are required to reverse the judgment of the trial court and enter judgment in harmony with the verdict. Billings v. Atkinson, supra; Wagner v.

Betts, supra; Jackson v. Ewton, supra; De Winne v. Allen, supra; and 4 Tex.Jur. 2d 182, sec. 673. Furthermore, no objection to the submission of this issue was made on this ground.

For the above reasons the judgment of the trial court, insofar as it disregarded the jury's finding to Special Issue No. 3, is reversed and rendered for appellant in accordance with the verdict of the jury.

Reversed and rendered.